OPINION
{¶ 1} This case was previously before this court in February 2001 on the defendant's direct appeal from a judgment and conviction of the Franklin County Court of Common Pleas finding him guilty of one count of burglary in violation of R.C. 2911.12(A)(2), and one count of burglary in violation of R.C. 2911.12(A)(4). State v. Hillman (Feb. 22, 2001), Franklin App. No. 00AP-729. We set forth the facts in that opinion as follows:
{¶ 2} "* * * According to the state's evidence, Bill Korting resided at 2061 North Fourth Street at the time of the offenses. On December 1, 1999, he heard the sound of glass breaking in the back of his house. The broken window led to the basement of the house. On the first floor at the time, Korting called 911 and then looked out a back window.
{¶ 3} "Korting observed an individual emerging from his basement. Korting described the individual as a partially bald, black male, wearing what appeared to be a leather jacket. The individual proceeded around to the front of the house. Korting tapped on a front window and signaled for the individual to return. The individual began approaching the house and at about the front steps, turned away and proceeded north on Fourth Street. Shortly thereafter, the police arrived at Korting's home and escorted Korting to view a suspect. Korting positively identified defendant as the person he observed at his house.
{¶ 4} "Korting's testimony was substantiated by the testimony of Frank Thompson, Korting's neighbor. Thompson observed an individual moving around Korting's house and attempting to enter the house through different means. Thompson called 911 and described the individual as a tall, thin black male wearing a brown jacket. Thompson accompanied Korting and the police to view the suspect the police had detained. At the viewing, Thompson positively identified defendant as the individual he observed at Korting's house.
{¶ 5} "Finally, Columbus Police Officer Donald Sowards testified he was dispatched to Korting's residence on December 1, 1999, in response to a reported burglary. While en route, a description of the perpetrator, as well as the perpetrator's last known direction, was broadcast over police radio. Sowards encountered defendant, who matched the general description. With the assistance of back-up, Sowards detained defendant, and both Korting and Thompson positively identified defendant as the perpetrator."
{¶ 6} After trial, the court determined the offenses of burglary in violation of R.C. 2911.12(A)(2), and burglary in violation of R.C.2911.12(A)(4), to be allied offenses of similar import. Accordingly, the trial court merged those convictions and sentenced the defendant on only one — the conviction for defendant's violation of R.C. 2911.12(A)(2). Defendant then appealed that conviction to this court, which having reviewed the evidence and law, concluded that defendant's R.C.2911.12(A)(4) conviction was supported by sufficient competent, credible evidence to permit reasonable minds to find defendant's guilt beyond a reasonable doubt. However, we went on to find the evidence insufficient to support the defendant's conviction for violating R.C. 2911.12(A)(2). With that finding, the trial court's merger of the offenses was overturned, and this court remanded the matter to the trial court for a proper and legal re-sentencing. Defendant's delayed appeal to the Ohio Supreme Court was denied.
{¶ 7} Defendant now appeals to this court raising the following two assignments of error:
{¶ 8} "[1.] The appellant contends that the trial court abused its discretion and violated the appellant's 5th and 14th Amendment rights under the U.S. Constitutions when it sentenced appellant 13-1/2 months after the appellant's conviction and only after the appellant had successfully exercised his constitutional right to an appeal.
{¶ 9} "[2.] The appellant contends that the trial court abused its discretion, rules of law, and violated his 5th and 14th amendment rights under the U.S. Constitutions when it pronounced one sentence in open court in the presence of the appellant than [sic.] journalized another in his absence."
{¶ 10} App.R. 9 and 16(A)(7), and State ex rel. Fulton v. Halliday (1944), 142 Ohio St. 548, all place the burden of affirmatively demonstrating error on appeal upon the defendant. Pursuant to App.R. 16(A)(7), defendant must present his contentions with respect to each assignment of error presented for review, and the reasons in support of those contentions, with citations to the authorities, statutes, and parts of the record upon which he relies. It is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error. Slyder v. Slyder (Dec. 29, 1993), Summit App. No. 16224. Stated alternatively, absent specific references to the record, unsubstantiated assertions cannot be considered on appeal. Sykes Construction Co. v. Martell (Jan. 8, 1992), Summit App. No. 15034. Finally, it is not appropriate for this court to construct the legal arguments in support of the defendant's appeal. "If an argument exists that can support this assignment of error, it is not this court's duty to root it out." Cardone v. Cardone (May 6, 1998), Summit App. No. 18349.
{¶ 11} Having said this, defendant in this case is proceeding pro se and appears to make a claim that the sentence pronounced in open court differs from the sentence which the trial court journalized. Accordingly, when this matter came before the court for oral argument a second time, we continued this case over defendant's objection so that this court would have an opportunity to order a transcript of the defendant's re-sentencing hearing. Having done that, we are now prepared to rule upon defendant's assignments of error.
{¶ 12} Having reviewed defendant's briefs carefully, we are able to decipher that defendant claims the trial court illegally sentenced him on remand. However, defendant fails to present any clear authority, argument, or citation to the record in support of that claim. Indeed, this court clearly and unequivocally affirmed defendant's conviction for violating R.C. 2911.12(A)(4). See State v. Hike (June 29, 1999), Franklin App. No. 98AP-1126. Stated alternatively, when this court overturned defendant's conviction for violating R.C. 2911.12(A)(2), it also affirmed his conviction for violating R.C. 2911.12(A)(4). When this occurred, the trial court's merger of those two offenses was overturned, leaving intact defendant's conviction for R.C. 2911.12(A)(4). Accordingly, the trial court was not initially sentencing defendant after remand, but re-sentencing him in accordance with the rule of law set forth by this court, which is now the rule of law for this case. Defendant's first assignment of error is therefore overruled.
{¶ 13} Addressing his second assignment of error, as noted, this court ordered a copy of the re-sentencing transcript in this matter. Having reviewed that transcript, at which time defendant was represented by counsel in open court, we are unable to conclude that the sentence imposed in court differs in any material way from the sentence as journalized by the trial court in the record. Accordingly, we also overrule defendant's second assignment of error.
{¶ 14} For the foregoing reasons, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.